IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| IVAN ESPINOZA<br>Reg. #18154-029 | *<br>*<br>* | |
| Petitioner | * | |
| v. | * | No. 2:24-cv-00197-JJV |
| | * | |
| CRAIG STALHOOD, Acting Warden,<br>FCI – Forrest City[1] | *<br>* | |
| | * | |
| Respondent | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Petitioner Ivan Espinoza, an inmate at the Federal Correctional Institution – Forrest City Low, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*.  (Doc. Nos. 1, 10.) He alleges the Bureau of Prisons ("BOP") violated his due process rights in the disciplinary hearing process.  (Doc. No. 1 at 4-12.)  After careful consideration of Mr. Espinoza's Petition and Supplement as well as the Response (Doc. No. 13), I find the Petition must be denied.

**II.   FACTS**

On April 19, 2023, Mr. Espinoza was charged with possessing a hazardous tool – namely, a cell phone.  (Doc. No. 1 at 23.)  According to the incident report, the phone was found during a search of the cell Mr. Espinoza shared with his cellmate.  (*Id*.)  It was located underneath the lower bunk, near the cell wall.  (*Id*.)  On April 20, 2023, Mr. Espinoza and his cellmate were

---

[1] Shannon Gibson has replaced Craig Stalhood as Acting Warden of the Federal Correctional Institution – Forrest City and is, therefore, the appropriately named respondent.  (Doc. No. 13 at 1.)  The Court directs the Clerk of Court to amend the docket to substitute Gibson as the respondent.

provided a copy of the incident report and advised in writing of their rights. (*Id*. at 23-25, 30-32.) Mr. Espinoza declined the assistance of a staff representative and listed one fellow inmate he wished to testify on his behalf. (*Id*. at 24.) The matter was referred to the disciplinary hearing officer ("DHO"). (*Id*.)

The disciplinary hearing was held on May 9, 2023. (*Id*. at 26.) Mr. Espinoza provided a statement, summarized as follows in the DHO's report: "It was not my phone." (*Id*.) The DHO also considered a written statement by inmate Taylor Vantrease, who stated in pertinent part, "On 4/18/2023 around 630 am I put my phone behind the back of [Mr. Espinoza's cellmate's] bed before I left for work this morning. I work in facilities, so every morning I hide it there."[2] (*Id*. at 27, 37.) The DHO determined the act was committed as charged, relying on the incident report, Mr. Vantrease's statement, and a photograph of the phone. (*Id*. at 27.) The DHO concluded the officer's account in the incident report was credible and was corroborated by other evidence. (*Id*. at 28.) Additionally, the DHO noted that while Mr. Vantrease claimed ownership of the phone, "the prohibited act is for possession. Possession is to have on one's person, under one's control or dominion. Every morning that inmate T. Vantrease left the phone in your cube it essentially became you and your cellmates cell phone because it was under your control and/or dominion." (*Id*.) As a sanction, Mr. Espinoza lost forty-one days of good-conduct time and lost commissary, email, and visitation privileges for 180 days. (*Id*. at 29.)

After exhausting his administrative remedies through the BOP's Administrative Remedy Program, Mr. Espinoza filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1.) He contends the DHO's findings are not supported by evidence and are arbitrary and capricious.

---

[2] Mr. Vantrease's statement is dated April 18, 2023, and he claims to have placed his phone in Mr. Espinoza's cell on April 18, 2023. The phone was found on the morning of April 19, 2023. (Doc. No. 1 at 23, 37.)

(Doc. Nos. 1, 10.)   Respondent Shannon Gibson, Acting Warden of the Forrest City FCI, responds that Mr. Espinoza received all the process due him.   (Doc. No. 13 at 3-6.)

**III.   ANALYSIS**

In the context of prison disciplinaries, due process requires (1) advance written notice of the charges, (2) an opportunity to call witnesses and present evidence in defense, and (3) a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).   These requirements were satisfied here.   Mr. Espinoza received written notice of the charge one day after it was issued, almost three weeks prior to the hearing.   (Doc. No. 1 at 23, 26.)   He was given an opportunity to call witnesses and present evidence in his defense and did so, producing his own statement and the written statement of Mr. Vantrease.   (*Id*. at 26-27.)   And the DHO provided a written statement detailing both the evidence relied on and the reasons for the sanctions.   (*Id*. at 26-29.)   Mr. Espinoza does not raise any issue in his Petition regarding these requirements, except to allege that the DHO's report is "unclear" because it contains a single reference to a phone charger, which Mr. Espinoza was not charged with possessing.   (*Id*. at 10, 28.)   A review of the DHO report shows this reference was clearly a clerical error.

Due process also requires that a prison disciplinary be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).   Determining the sufficiency of the evidence does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.   *Id*.   Instead, the relevant question is whether there is "any evidence in the record that could support the conclusion reached" by the hearing officer.   *Id*. at 455-56.   "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to

3

base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).  Here, the incident report alone would have sufficed as "some evidence" to support the DHO's decision, and it was further corroborated by Mr. Vantrease's statement and the photograph of the phone.

      Nonetheless, Mr. Espinoza contends the DHO's finding that he possessed the phone is unsupported, given Mr. Vantrease's admission that the phone belonged to him.  (Doc. No. 1 at 4-9.)  He cites cases defining possession, in the criminal context, as having "management, care, dominion, authority and control, singly or jointly."  *E.g.*, *United States v Rhodes*, 433 F.2d 1307, 1308 (8th Cir. 1970).  According to Mr. Espinoza, he did not have the means to control or operate Mr. Vantrease's phone and therefore could not have possessed it.  (Doc. No. 1 at 9.)  But, as Respondent points out, criminal standards are inapposite in the prison disciplinary context: "Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction nor any other standard greater than some evidence applies in this context."  *Hill*, 472 U.S. at 456 (internal citations omitted). Moreover, as the DHO stated, Mr. Vantrease's statement indicated that he *owned* the phone, but the charge against Mr. Espinoza was for *possession*.  (Doc. No. 1 at 28.)  When the phone was in Mr. Espinoza's cell, it was in his possession.  I also find it noteworthy that Mr. Vantrease claimed to have placed the phone in Mr. Espinoza's cell "every morning."  (*Id*. at 37.)  Mr. Espinoza has presented no evidence that would indicate he was unaware of this, which bolsters the finding of possession.

      Lastly, Mr. Espinoza takes issue with the DHO's finding that both he and his cellmate possessed the same hazardous tool.  (*Id*. at 10-11.)  According to Mr. Espinoza, this splitting of responsibility conflicts with the boilerplate statement in the DHO's report that sanctions were

imposed "to let the inmate know that he, and he alone, will be always held responsible for his actions/behavior." (*Id*. at 10-11, 29.)  But it is well settled in the Eighth Circuit that collective culpability for contraband found in a shared area qualifies as "some evidence" in the prison disciplinary context.  *See, e.g.*, *Flowers v. Anderson*, 661 F.3d 977 (8th Cir. 2011).

For these reasons, Mr. Espinoza has not demonstrated a due process violation.  I understand Mr. Espinoza's frustration over having been punished for possessing something that belonged to someone else.   However, there is evidence in the record to support the DHO's finding.  Therefore, habeas corpus relief must be denied.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Espinoza's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED.

DATED this 15th day of May 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE